UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE CHARBONEAU,

       Plaintiff,

                              File No.  5:04-CV-116

v.

                              HON. ROBERT HOLMES BELL

SEVERN TRENT LABORATORIES, INC.,

       Defendant.

                                   /

## **O P I N I O N**

       This matter comes before the Court on Defendant Severn Trent Laboratories, Inc.'s bill of costs and Plaintiff Diane Charboneau's motion to disallow costs.

       On December 1, 2005, this Court entered an order granting Defendant's motion for summary judgment and dismissing this action in its entirety.  Thereafter Defendant filed a bill of costs seeking $4,696.75 for photocopying charges, subpoena fee, and court reporting and transcription fees.

       Costs are generally allowed as a matter of course to the prevailing party.  FED. R. CIV. P. 54(d).  The expenses that a federal court may tax as costs under Rule 54(d) are enumerated in 28 U.S.C. § 1920.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 437 (1987). In reviewing a request for taxation of costs, a court must look "first to whether the expenses are allowable cost items and then to whether the amounts are reasonable and necessary." *Jefferson v. Jefferson County Public School System*, 360 F.3d 583, 591 (6th Cir. 2004).  The

prevailing party has the burden of establishing that the expenses it seeks to have taxed as costs "are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920." *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995).

**Photocopies**

Defendant seeks costs of $1,748.55 for photocopying charges covering 6,646 pages at 20-cents per page and 1197 pages at 35-cents per page. Plaintiff objects to Defendant's attempt to require Plaintiff to pay for every document copied in the case.

The Court is permitted to tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Recoverable costs include "costs for photocopying documents necessary for maintenance of the action, including copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration." *Falor v. Livingston County Community Mental Health*, 2003 WL 23220759, *5 (W.D. Mich. 2003) (Quist, J.) (quoting *Jordan v. Vercoe*, No. 91-1671, 1992 WL 96348, at *1 (6th Cir. May 7, 1992)). Copying costs are generally limited to "those costs incurred for copies of documents prepared for the court's consideration or for the opposing party." *Pion v. Liberty Dairy Co.*, 922 F. Supp. 48, 53 (W.D. Mich. 1996) (Miles, S.J.).

Copies obtained only for the convenience of counsel, including extra copies of filed papers and correspondence, are ordinarily not recoverable. *Florida Keys Citizens Coalition,*

*Inc. v. U.S. Army Corps of Engineers*, 386 F. Supp. 2d 1266, 1270 (S.D. Fla. 2005); *Wyne v. Medo Industries, Inc.*, 329 F. Supp. 2d 584, 590 (D. Md. 2004); *Riley v. UOP LLC*, 258 F. Supp. 2d 841, 843 (N.D. Ill. 2003). Where it appears that a party's non-itemized request for photocopying charges includes amounts that are not reimbursable under § 1920(4), the court may reduce the number of copies to account for copies obtained for the convenience of counsel rather than for use in the case. *See In re Merritt Meridian Constr. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996) (affirming 70% reduction of non-itemized photocopying costs to reflect court's estimate of cost of photocopying exhibits and papers submitted for trial); *Rice v. Sunrise Express, Inc.*, 237 F. Supp. 2d 962, 981 (N.D. Ind. 2002) (reducing copies by 20% to account for possibility that some were made for convenience of counsel).

The burden is on the party seeking reimbursement for photocopying costs to show that the copies were necessary for use in the case. *Tirapelli v. Advanced Equities, Inc.*, 222 F. Supp. 2d 1081, 1085-86 (N.D. Ill. 2002). The description need not be "so detailed as to make it impossible economically to recover photocopying costs," but it must be "the best break down obtainable from retained records." *Rice*, 237 F. Supp. 2d at 981 (quoting *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991)).

Defendant has not met its burden of proving that all of the copies requested are taxable. First, in support of its request to tax photocopying charges Defendant has attached invoices reflecting all of counsel's charges for photocopies. The Court notes that what may

3

properly be charged to a client does not necessarily reflect what can be taxed as costs. In addition to the invoices Defendant has filed a declaration from counsel outlining the general nature of the charges. However, this declaration contains a problematic internal inconsistency. The $1,748.55 in copy charges reflects 6,646 pages at 20-cents per page and 1197 pages at 35-cents per page, for a total of 7843 pages. Counsel's declaration, however, only accounts for 2,578 pages for discovery pleadings served on plaintiff and 4,068 pages for documents filed with the court, for a total of 6646 pages.

The Court agrees with Defendant that the 1197 pages from Plaintiff's civil rights files were necessarily obtained for use in the case. However, because it appears that these pages were counted twice, the court will subtract 1197 pages from the total requested by Defendant.

The Court also questions Defendant's request for charges associated with 4068 pages of documents "filed with the court." The court docket reflects that Defendant only filed roughly 500 pages with the court. When this number is doubled to reflect the pleadings served on opposing counsel, the number is still a quarter of the number for which reimbursement is sought. It appears that some of Defendant's requested charges for documents filed with the court reflect extra copies obtained for the convenience of counsel. Accordingly, the number of copies associated with the documents filed with the court will be reduced by 75%. Defendant will be reimbursed for 1017 copies rather than 4068 copies for documents filed with the Court.

4

In total, the Court will allow $898.55 in reimbursement for photocopies. This number includes 1381 pages of discovery materials and 1017 pages of pleadings at 20-cents per page and 1197 pages of MDOC materials at 35-cents per page.

**Subpoena Fee**

Defendant seeks costs of $50 pursuant to 28 U.S.C. § 1920(3) for subpoena fees related to Kelley Services to obtain a copy of Plaintiff's current employment records. Plaintiff objects to this charge.

Section 1920(3) permits the court to tax as costs "[f]ees and disbursements for printing and witnesses." The cost of obtaining records is not a printing or witness fee within the scope of § 1920(3). However, the Court agrees with Defendant that this $50 charge is recoverable under § 1920(4) as "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4).

**Deposition Transcripts**

Defendant seeks costs of $2,898.20 for court reporting and transcription fees for five depositions and for a court transcript of the oral argument on Defendant's motion for summary judgment.

Allowable costs include "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir.

1989).  "Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling."  *Id*.  *Accord* 10 CHARLES ALAN WRIGHT, ARTHUR MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE, § 2676 (1998).  It is generally understood that "a deposition may be reasonably necessary if it is used in connection with a successful motion for summary judgment."  *Kaimowitz v. Howard*, 547 F. Supp. 1345, 1353 (E.D. Mich. 1982).  However, there is no requirement that depositions be submitted as evidence in order for the transcripts to be taxable as costs.  *See Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc*., 920 F.2d 587, 588 (9th Cir. 1990) (per curiam) (allowing costs for reproducing documents even though documents were not introduced as evidence to support summary judgment motion); *Symantec Corp. v. CD Micro, Inc*., No. 02-406-KI(L), 04-227-KI(CON), — F. Supp. 2d —, 2005 WL 1972563, *2 (D. Or. Aug. 12, 2005) ("The fact that items are neither introduced into evidence nor otherwise become part of the official court record does not determine whether that item was necessarily obtained for use in the case.").

The Court is satisfied that the five depositions for which Defendant seeks reimbursement were necessarily obtained for use in the case.  However, not all of the costs associated with these depositions are taxable.  While there is some difference in the practice from court to court, case law generally supports this Court's position that additional charges for such items as computer disk copies, minuscripts, keyword indices, exhibit copies and administrative fees are not taxable as costs because they are for the convenience of counsel,

6

rather than a necessity for trial. *See, e.g.*, *United States v. MPM Financial Group, Inc.*, 2005 WL 3021944 (E.D. Ky. Oct. 3, 2005); *Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp. 2d 1065, 1080 (D. Kan. 2005); *Scallet v. Rosenblum*, 176 F.R.D. 522, 528-29 (W.D. Va. 1997); *Andrews v. Suzuki Motor Co.*, 161 F.R.D. 383, 386 (S.D. Ind. 1995). Accordingly, the Court will disallow $162.20 attributable to these extras.

Defendant has also requested reimbursement for a transcript of the summary judgment hearing. Transcripts of court hearings fall within the scope of § 1920(2), but like depositions, they are only taxable as costs if they were "necessarily obtained for use in the case." The hearing did not involve the taking of testimony. It appears that the transcript was ordered for the convenience of counsel and was not reasonably necessary for trial. Accordingly, the $136.40 for the transcript of the court hearing will be disallowed.

For the reasons stated above, Plaintiff's motion to disallow costs will be granted in part and denied in part. The Court will enter an order taxing costs in the amount of $3,498.15.

An order consistent with this opinion will be entered.

Date:   April 6, 2006             /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE